# EXHIBIT B

**CERTIFICATION PURSUANT
TO FEDERAL SECURITIES LAWS**

1.  I, Steve Mahoney, am the Chief Investment Officer of the Nova Scotia Pension Services Corporation ("NS Pension"), with authority to execute legally binding documents on NS Pension's behalf.  By statute, NS Pension is the Administrator of the Nova Scotia Public Service Superannuation Plan ("PSSP"), which has empowered me to execute instruments like this Certification by a Certificate of Authority dated April 8, 2022 ("COA").  I make this declaration on PSSP's behalf, pursuant to §27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or §21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  NS Pension was established by the Nova Scotia Pension Services Corporation Act ("NSPSCA"), Schedule A of the Financial Measures (2012) Act, Chapter 4 of the Acts of 2012, enacted by the Nova Scotia Governor and 4th Session, 61st General Assembly, "to provide pension administration and pension investment services" for, *inter alia*, PSSP and "to carry out such other activities or duties as may be authorized or required by [NS Pension's] Board."  *Id.* §§8(a)-(b). The NSPSCA authorizes NS Pension to "perform such additional duties consistent with [the NSPSCA] as are considered by [NS Pension's] Board to be advantageous to [NS Pension]" and further provides that "[i]n respect of its objects, purposes and duties, [NS Pension] has the capacity and, subject to [the NSPSCA], the rights, powers and privileges of a natural person."  *Id.* §§(9)(2), 10.

3.  PSSP was created by the Public Service Superannuation Act ("PSSP Act"), Schedule B, Chapter 4 of the Acts of 2012, as amended.  NS Pension is PSSP's Administrator (*id.* §§2(b), 45(3)), with statutory powers including "retaining such professional, technical, and other advisors as the Administrator considers necessary."  *Id.* §25(3)(h).   The Public Service

1

Superannuation Plan Trustee Incorporated ("PSSPTI") is PSSP's Trustee and governed by a Board of 12 Directors and one independent Chair. *Id.* §§2(o), 6, 7(1), 7(3). The Board "may delegate to the Administrator the power to execute agreements and other documents" (*id.* §21(5)) and "delegate any matters it considers appropriate to other persons" (*id.* §45(2)), and it has in fact delegated the authority to initiate and oversee lawsuits by or involving PSSP to NS Pension, pursuant to the Nova Scotia Public Service Superannuation Plan Third Amended and Restated Administration Services and Investment Management Agreement dated April 1, 2013 and amended and restated as of April 1, 2021 ("Third ASIMA"), which provides that NS Pension shall "exercise and enforce any and all rights relating to or with respect to any securities of the Pension Fund, and to exercise and enforce in any action, suit or proceeding at law or in equity any right or remedy with respect to any securities with respect to any claim or proceeding by the Pension Fund." *Id.* §7.03(19).

4.     Pursuant to its NSPSCA and PSSP Act mandates, as well as the delegated powers by PSSP's Board pursuant to the Third ASIMA and the COA, NS Pension is empowered to enter PSSP into legally binding agreements and to initiate, oversee, and resolve litigation by PSSP to recover investment losses in its pension assets, including the investment losses incurred in connection with the fraud alleged in this litigation.

5.     I have reviewed a complaint filed against Perrigo Company plc ("Perrigo") and authorize the filing of a motion on PSSP's behalf for appointment as lead plaintiff.

6.     PSSP did not purchase or acquire Perrigo securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

7.     PSSP is willing to serve as a representative party on behalf of a class of investors

who purchased or acquired Perrigo securities during the Class Period as specified in the Complaint, including providing testimony at deposition and trial, if necessary. I understand that the Court has authority to select the most adequate plaintiff in this action.

8.      Exhibit 1 hereto lists all of PSSP's transactions in Perrigo securities during the Class Period, which give rise to PSSP's lead plaintiff motion.

9.      During the three-year period preceding the date on which this Certification is signed, PSSP served or sought to serve as a representative party on behalf of a class under the federal securities laws in the following actions:

- *Deslande v. Fortrea Holdings Inc. et al.*, No. 1:25-cv-04630 (S.D.N.Y.);

- *Shannahan v. FTAI Aviation Ltd. et al.*, No. 1:25-cv-00541 (S.D.N.Y.); and

- *Himes v. Five Below, Inc. et al.*, No. 2:24-cv-03638 (E.D. Pa.).

10.     PSSP agrees not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond its pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

11.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed _____ **Jan 16, 2026**_____
                         (Date)

_____
                         (Signature)
Steve Mahoney
Chief Investment Officer
Nova Scotia Pension Services Corporation,
on behalf of the Nova Scotia Public Service
Superannuation Plan

3

**Perrigo Company plc**                                              **Nova Scotia Public Superannuation Plan**

### List of Purchases/Acquisitions and Sales

| Transaction Type | Date | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| Purchase/Acquisition | 6/20/2023 | 14,232 | $34.1138 |
| Purchase/Acquisition | 6/27/2024 | 1,012 | $25.4170 |
| Purchase/Acquisition | 6/28/2024 | 1,379 | $25.7780 |
| Sale | 9/26/2024 | (958) | $25.6300 |

**CERTIFICATION PURSUANT
TO FEDERAL SECURITIES LAWS**

1.      I, Steve Mahoney, am the Chief Investment Officer of the Nova Scotia Pension Services Corporation ("NS Pension"), with authority to execute legally binding documents on NS Pension's behalf.  NS Pension is the Plan Administrative Agent of the Nova Scotia Teachers' Pension Plan ("TPP"), which has empowered me to execute instruments like this Certification by a Certificate of Authority dated April 8, 2022 ("COA").  I make this declaration on TPP's behalf, pursuant to §27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or §21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.      NS Pension was established by the Nova Scotia Pension Services Corporation Act ("NSPSCA"), Schedule A of the Financial Measures (2012) Act, Chapter 4 of the Acts of 2012, enacted by the Nova Scotia Governor and 4th Session, 61st General Assembly, "to provide pension administration and pension investment services" for, *inter alia*, TPP and "to carry out such other activities or duties as may be authorized or required by [NS Pension's] Board."  *Id.* §§8(a)-(b). The NSPSCA authorizes NS Pension to "perform such additional duties consistent with [the NSPSCA] as are considered by [NS Pension's] Board to be advantageous to [NS Pension]" and further provides that "[i]n respect of its objects, purposes and duties, [NS Pension] has the capacity and, subject to [the NSPSCA], the rights, powers and privileges of a natural person."  *Id.* §§(9)(2), 10.

3.      TPP was created by the Nova Scotia Teachers' Pension Act in 1949, as subsequently amended by the Nova Scotia legislature, most recently in 1998, which expressly continued the pension plan and pension fund.  *See* Teachers' Pension Act ("TPP Act"), Bill No. 34, Chapter 26 of the Nova Scotia General Assembly Acts of 1998, §§2(c), 2(e), 4, 6(1).  The TPP

1

Act provides that the Minister of Finance and the Nova Scotia Teachers' Union ("Union") "may enter into an agreement" establishing their respective roles and responsibilities with respect to TPP's "governance and administration" (*id.* §8), and "may enter into an agreement" "appoint[ing] another person as Pension Plan administrator" of TPP (*id.* §11(2)). It further provides that TPP's "terms…and [] governance arrangements" "shall be set out in regulations and in such other documents as may be created or adopted pursuant to this Act or the regulations" (*id.* §5), and that "[t]he Minister and the Union may make regulations…deemed necessary or advisable to carry out effectively the intent and purposes of this Act" (*id.* §20(1)(c)). The applicable regulations, promulgated in 1999 (N.S. Reg. 88/1999 (effective March 31, 1999)) and amended in 2025 (N.S. Reg. 142/2025 (effective August 1, 2025)) define "Administrator" as the provider of administrative and investment services for TPP under TPP Act §11(2) and "Plan Administrator" as the person appointed Plan administrator under TPP Act §11(2). *See* TPP Regs Part I. Definitions 2(2).

4. The Union and the Province of Nova Scotia (the "Province") entered into a June 22, 2005 Agreement, establishing the Teachers' Pension Plan Trustee Inc. ("TPPTI"), a corporate body with a nine-person Board of Directors, and appointing TPPTI as TPP's "Trustee." Their July 2, 2014 Agreement, which replaced the June 2005 Agreement (*id.* §II.(2.1); §XIII.(8.3)), continued TPPTI as TPP's Trustee (*id.* §I.(1.1(x))). It stated that TPPTI "may retain, on such terms as the Trustee determines in its sole discretion, any person or corporation, or similar body, to provide Plan administration services on behalf of the Trustee." *Id.* §VI.(6.1).

5. On March 31, 2006, the Union, the Province, and TPPTI executed a Joint Trust Agreement pursuant to TPP Act §11(2), appointing TPPTI as both TPP's "Trustee" and its "Administrator," with responsibility over "the operation and administration of the Pension Plan."

*See id.* §§2.03, 3.01(s), 4.01, 4.04, 6.01, 6.02(a)-(c).  Under the Joint Trust Agreement, among the Trustee's broad "powers necessary to enable it to administer the Pension Plan and manage the Fund," it can "retain professional…and other advisors that it considers necessary," and it "may retain the services of persons for the purpose of assisting the Trustee with the administration of the Pension Plan and the management of the Fund" (*id.* §§7.16, 8.01, 8.04(e)).  The Union and the Province entered into an April 21, 2015 Amending Agreement, which redefined "Plan Administrative Agent" as "any person or corporation, or similar body, retained by the Trustee, on such terms as the Trustee determines in its sole discretion, to provide Plan administration services on behalf of the Trustee."  *See id.* §1(b).  It added, "[t]he Trustee may retain the services of a Plan Administrative Agent upon terms satisfactory to the Trustee, which terms shall be set out in a service agreement between the Trustee and the Plan Administrative Agent, to carry out the Trustee's responsibilities respecting the administration of the Pension Plan."  *Id.* §1(o).

6.      NS Pension was established by statute to provide pension administration and investment services for TPP (*see* NSPSCA §8(a)).  In addition, NS Pension and TPPTI entered into TPP's Sixth Amended And Restated Administration Services And Investment Management Agreement ("Sixth ASIMA") on April 18, 2023, amending and restating the original agreement dated April 1, 2013.  The Sixth ASIMA, like its predecessors, appointed NS Pension to provide "Administrative Services" and "Investment Management Services" to TPP.  *See id.* §§1.01(4), 1.01(25), 2.01.  Among its duties under the Sixth ASIMA, "NS Pension shall, during the term of this Agreement…exercise and enforce any and all rights relating to or with respect to any securities of the Pension Fund, and to exercise and enforce in any action, suit or proceeding at law or in equity any right or remedy with respect to any securities with respect to any claim or proceeding by the Pension Fund…." (*id.* §7.03(19)) and "make, execute, acknowledge and deliver

3

any…document or instrument in writing necessary or proper for the exercise of any power granted to NS Pension by this Agreement" (*id.* §7.03(18)).  The Sixth ASIMA further states that NS Pension "may engage or employ any Persons as agents, [or] representatives, … including without limitation, lawyers…." *Id.* §8.01.

7.      Pursuant to the NSPSCA and the Sixth ASIMA, NS Pension is empowered to enter TPP into legally binding agreements and to initiate, oversee, and resolve litigation by TPP to recover investment losses in its pension assets, including the investment losses incurred in connection with the fraud alleged in this litigation.

8.      I have reviewed a complaint filed against Perrigo Company plc ("Perrigo") and authorize the filing of a motion on TPP's behalf for appointment as lead plaintiff.

9.      TPP did not purchase or acquire Perrigo securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

10.     TPP is willing to serve as a representative party on behalf of a class of investors who purchased or acquired Perrigo securities during the Class Period as specified in the Complaint, including providing testimony at deposition and trial, if necessary.  I understand that the Court has authority to select the most adequate plaintiff in this action.

11.     Exhibit 1 hereto lists all of TPP's transactions in Perrigo securities during the Class Period, which give rise to TPP's lead plaintiff motion.

12.     During the three-year period preceding the date on which this Certification is signed, TPP has served or sought to serve as a representative party on behalf of a class under the federal securities laws in the following actions:

- *Deslande v. Fortrea Holdings Inc. et al.*, No. 1:25-cv-04630 (S.D.N.Y.); and

4

- *Shannahan v. FTAI Aviation Ltd. et al.*, No. 1:25-cv-00541 (S.D.N.Y.).

13.    TPP agrees not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond its pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

14.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed _____**Jan 16, 2026**_____
                                    (Date)


_____
                                    (Signature)

Steve Mahoney
Chief Investment Officer
Nova Scotia Pension Services Corporation,
on behalf of the
Nova Scotia Teachers' Pension Plan

5

**Perrigo Company plc**                                          **Nova Scotia Teachers' Pension Plan**

### List of Purchases/Acquisitions and Sales

| Transaction Type | Date | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| Purchase/Acquisition | 6/20/2023 | 10,745 | $33.9471 |
| Purchase/Acquisition | 6/27/2024 | 761 | $25.4170 |
| Purchase/Acquisition | 6/28/2024 | 1,038 | $25.7780 |