USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

25-CV-09596 (MMG)

*IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION*

**MEMORANDUM & ORDER**

MARGARET M. GARNETT, United States District Judge:

In this putative securities class action, four movants filed motions seeking appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Three of the four movants have since either withdrawn their motions or filed a notice of "non-opposition" to the motion of the International Brotherhood of Teamsters Local No. 710 Pension Fund ("Teamsters 710"). The motion by Teamsters 710 is hereby GRANTED.

## BACKGROUND

On November 17, 2025, plaintiff Tanner French filed a putative class action on behalf of persons and entities that purchased or otherwise acquired Perrigo Company PLC securities between February 27, 2023 and November 4, 2025, inclusive, and who were damaged thereby, alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. *See* Dkt. No. 1 ¶¶ 16, 71. That same day, counsel for French posted notice in *Business Wire* in accordance with the PSLRA, informing class members that they had 60 days—until January 16, 2026—to file a motion to serve as lead plaintiff in the action. *See* Dkt. No. 6.

On January 16, 2026, four potential class members filed separate motions to be appointed as lead plaintiff and to appoint their respective law firms as lead counsel for the proposed class. *See* Dkt. Nos. 10, 14, 15, 22. On January 27 and 30, movants DeKalb County Pension Fund and Tanner French withdrew their motions. *See* Dkt. Nos. 27, 28. On January 30, movants the Nova

Scotia Public Service Superannuation Plan and the Nova Scotia Teachers' Pension Plan (the

"Nova Scotia Plans") filed a notice of their non-opposition to Teamsters 710's motion.  *See* Dkt.

No. 29.

## DISCUSSION

The PSLRA governs motions for appointment of lead plaintiff and approval of lead

counsel in putative class actions brought under federal securities laws.  It directs the Court to

appoint as lead plaintiff the party or parties "most capable of adequately representing the

interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is

the person who: (1) has either "filed the complaint or made a [timely] motion in response to a

notice," *id.* § 78u-4(a)(3)(B)(iii)(I)(aa); (2) has the "largest financial interest in the relief sought

by the class," *id.* § 78u-4(a)(3)(B)(iii)(I)(bb); and (3) "satisfies the requirements of Rule 23 of

the Federal Rules of Civil Procedure," *id.* § 78u-4(a)(3)(B)(iii)(I)(cc). "[T]his presumption may

be rebutted only upon proof by a member of the purported plaintiff class that the presumptively

most adequate plaintiff" either "will not fairly and adequately protect the interests of the class"

or "is subject to unique defenses that render such plaintiff incapable of adequately representing

the class." *Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998) (quoting 15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(II)).

Teamsters 710 is entitled to the presumption that it is the most adequate plaintiff.  First,

Teamsters 710 timely filed its motion on January 16, 2026.  *See* Dkt. No. 15.  Second, it is

undisputed that of the movants, Teamsters 710 claims the largest financial interest in the

litigation, with approximately $2.8 million in alleged losses.  *See* Dkt. No. 19-3; Dkt. No. 29 at

1–2.  Third, Teamsters 710 "otherwise satisfies the requirements of Rule 23 of the Federal Rules

of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  "In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." *Kuriakose v. Federal Home Loan Mortgage Co.*, No. 08-CV-07281 (JFK), 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008).  Like the other members of the class, Teamsters 710 alleges that it "purchased Perrigo securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements or omissions and suffered damages."  Dkt. No. 16 at 8.  These allegations are sufficient to satisfy the typicality requirement of Rule 23.  *See Kuriakose*, 2008 WL 4974839, at *4.  The adequacy retirement is also satisfied because Teamsters 710's selected counsel, Cohen Milstein, is an established firm with significant experience representing plaintiffs in complex securities fraud class actions, *see* Dkt. No. 19-4, there is no evidence that Teamsters 710 has interests adverse to the class, and the Court is confident that the nearly $2.8 million in claimed losses will motivate Teamsters 710 to vigorously prosecute the case.  *See Johnston v. LifeMD, Inc.*, No. 25-CV-09153 (NRB), 2025 WL 3268886, at *2 (S.D.N.Y. Nov. 24, 2025).  No movant has attempted to rebut the presumption that Teamsters 710 is the most adequate plaintiff.

For the appointment of lead counsel, "[t]here is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Indiana Pub. Ret. Sys. v. Inspire Med. Sys., Inc.*, No. 25-CV-10620 (PAE), 2026 WL 219086, at *3 (S.D.N.Y. Jan. 28, 2026) (quoting *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015)). Having reviewed Cohen Milstein's firm resume, Dkt. No. 19-4, including its extensive experience representing plaintiffs in complex securities class actions, the Court concludes it is well-qualified to serve as lead counsel in this case.

**CONCLUSION**

For the foregoing reasons, the motion of Teamsters 710 (Dkt. No. 15) is GRANTED, and the motions of Tanner French (Dkt. No. 10), the Nova Scotia Plans (Dkt. No. 14), and DeKalb County Pension Fund (Dkt. No. 22) are DENIED.

Accordingly, Teamsters 710 is APPOINTED as Lead Plaintiff under section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, in the above-captioned action and all consolidated actions.  Cohen Milstein is APPROVED as lead counsel for the proposed class.  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any subsequently filed, removed, or transferred actions that are related to the claims asserted in the above-captioned action shall be CONSOLIDATED for all purposes, and this action shall proceed under the caption *In re Perrigo Company PLC Securities Litigation*.

Pursuant to the Order entered on January 14, 2026, *see* Dkt. No. 8, lead counsel and defendants shall, **within 20 days of this Order**, confer and file a stipulation and proposed order setting forth the parties' proposed schedule for the filing of an amended or consolidated complaint or the designation of an operative complaint, and for the filing of an answer or motion to dismiss.

Dated:  February 13, 2026
        New York, New York

                        SO ORDERED.


                        _____
                        MARGARET M. GARNETT
                        United States District Judge

4